# UNITED STATES DISTRICT COURT
### DISTRICT OF COLORADO

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | (For **Revocation of Supervised Release**) |
| v. | Case Number:  06-cr-00514-WYD-01 |
| | USM Number:  31622-013 |
| WILLIAM T. MAITLAND, II | Susan Fisch, AFPD |
| | (Defendant's Attorney) |

**THE DEFENDANT:**  Admitted guilt to violations 1 through 10, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to Pay Restitution as Directed | 10/05 |
| 2 | Failure to Submit Written Reports | 05/06 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

April 27, 2007
Date of Imposition of Judgment

s/ Wiley Y. Daniel
Signature of Judge

Wiley Y. Daniel, U.S. District Judge
Name & Title of Judge

May 3, 2007
Date

DEFENDANT:  WILLIAM T. MAITLAND, II
CASE NUMBER:  06-cr-00514-WYD-01                                             Judgment-Page 2 of 7

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | Failure to Follow the Instructions of the Probation Officer | 11/18/05 |
| 4 | Failure to Participate in Substance Abuse Testing as Directed by the Probation Officer | 02/10/06 |
| 5 | Failure to Submit Written Reports | 10/06 |
| 6 | Failure to Follow the Instructions of the Probation Officer | 09/26/06 |
| 7 | Failure to Report to the Probation Officer as Directed | 10/25/06 |
| 8 | Failure to Notify Officer of Change in Residence | 06/03/06 |
| 9 | Failure to Pay Restitution as Directed | 09/06 |
| 10 | Failure to Participate in Substance Abuse Testing as Directed by the Probation Officer | 09/26/06 |

DEFENDANT:  WILLIAM T. MAITLAND, II
CASE NUMBER:  06-cr-00514-WYD-01                                                    Judgment-Page 3 of 7

## IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of six (6) months.

      The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

      Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

DEFENDANT:  WILLIAM T. MAITLAND, II
CASE NUMBER:  06-cr-00514-WYD-01                                       Judgment-Page 4 of 7

By_____

Deputy United States Marshal

DEFENDANT:  WILLIAM T. MAITLAND, II
CASE NUMBER:  06-cr-00514-WYD-01                                       Judgment-Page 4 of 7

DEFENDANT:  WILLIAM T. MAITLAND, II
CASE NUMBER:  06-cr-00514-WYD-01                                                        Judgment-Page 5 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of forty-two (42) months.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within
15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of  DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT:  WILLIAM T. MAITLAND, II
CASE NUMBER:  06-cr-00514-WYD-01                                                                                  Judgment-Page 6 of 7

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISION

1  You shall not own, purchase or possess a firearm, ammunition or other dangerous weapon.

2. You shall not incur any new debts or open any additional lines of credit without prior approval of the probation officer.

3. You shall provide the probation officer access to any requested financial information including both your business and personal income tax returns.

4. You shall obtain and maintain full-time employment.

5. You shall not obtain employment at any place where you will be involved in the management or handling of cash, credit or any other financial instruments, without disclosing information regarding the federal conviction to the employer.

6. You shall refrain from any use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.  You shall, at the direction of the probation office, participate in a program for substance abuse treatment including testing to determine whether you have used controlled substances and/or alcohol.  You shall pay for these services as directed by the probation office.

7. Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant shall make restitution in the total amount of $217,602.10 to: (1) U.S. Small Business Administration, 511 West Capitol Avenue, Springfield, Illinois 62704, in the amount of $184,961.79 and (2) State Bank of Lincoln, 508 West Broadway, Lincoln, Illinois 62656, in the amount of $32,640.31.  Payment of restitution shall be made to the Clerk of the Court for transfer to the victims.  Restitution is due immediately, but if the defendant is unable to pay the restitution in full immediately, then restitution shall be paid in monthly installments of at least $100, with payments to commence no later than 30 days after release from imprisonment.  The defendant shall notify the United States Attorney for the district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

8. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall pay the cost of treatment as directed by the probation

DEFENDANT:  WILLIAM T. MAITLAND, II
CASE NUMBER:  06-cr-00514-WYD-01                                                         Judgment-Page 7 of 7

officer.  The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 through 10 | $0.00 | $0.00 | $217,602.10 |
| **TOTALS** | $0.00 | $0.00 | $217,602.10 |

Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant shall make restitution in the total amount of $217,602.10 to: (1) U.S. Small Business Administration, 511 West Capitol Avenue, Springfield, Illinois 62704, in the amount of $184,961.79 and (2) State Bank of Lincoln, 508 West Broadway, Lincoln, Illinois 62656, in the amount of $32,640.31.

DEFENDANT:  WILLIAM T. MAITLAND, II
CASE NUMBER:  06-cr-00514-WYD-01                                                                    Judgment-Page 8 of 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The special assessment is due and payable immediately.

Balance of restitution shall be made to the Clerk of the Court for transfer to the victims. Restitution is due immediately, but if the defendant is unable to pay the restitution in full immediately, then restitution shall be paid in monthly installments of at least $100, with payments to commence no later than 30 days after release from imprisonment.  The defendant shall notify the United States Attorney for the district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment.